UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 27, 2018

LETTER TO COUNSEL

RE: *Constance Sims Rosser v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-16-935

Dear Counsel:

Arjun K. Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Constance Sims Rosser before this Court. [ECF Nos. 26, 27]. In response, the Social Security Administration ("SSA") asked this Court to consider whether Mr. Murahari's requested amount constitutes a reasonable fee and to order Mr. Murahari to refund in full to Ms. Rosser the amount in attorney's fees previously awarded under the Equal Access to Justice Act ("EAJA"). [ECF No. 28]. I have considered those filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED IN PART and DENIED IN PART.

On February 24, 2017, this Court awarded Mr. Murahari $4,510.89 for 23.50 hours worked on Ms. Rosser's case in federal court. [ECF No. 25]; *see also* [ECF No. 23 at 1]. Ms. Rosser subsequently received a Notice of Change in Benefits, in which she was awarded $138,439.00 in past due benefits for herself and her child auxiliary. [ECF Nos. 26-3, 27-3]; *see also* [ECF No. 28-1 at 2]. The SSA withheld twenty-five percent of Ms. Rosser's total past-due benefits, amounting to $34,609.75. *See* [ECF No. 26-3]; . On April 12, 2018, Mr. Murahari filed a Motion for Attorney's Fees, seeking $34,609.75 in attorney's fees. [ECF No. 26]. Subsequently, on April 16, 2018, Mr. Murahari filed a Second Motion for Attorney's Fees, seeking $11,533.75 in additional attorney's fees that "a telephone call from [Mr. Murahari's] office to the Payment Center did reveal . . . was withheld" for child auxiliary benefits. [ECF No. 27]. Thus, Mr. Murahari seeks a total amount of $46,143.50 in attorney's fees.

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative received." *Id.* Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* at 808.

Here, Mr. Murahari and Ms. Rosser entered into a contingent fee agreement, by which Ms. Rosser agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which she might become entitled. [ECF No. 23-5]. As an initial matter, this Court is persuaded by the SSA's contention that the amount of $34,609.75 withheld as stated in the Notice of Change of Benefits, (ECF No. 26-3), represents twenty-five percent of all past-due benefits for Ms. Rosser and her child auxiliary. The Declaration of Paraskevi Maddox, Social Insurance Specialist for Program Integrity Branch in the SSA's Office of Disability Policy, asserted that the Master Beneficiary Record "shows that 25 percent of [Ms. Rosser's total past-due benefits for herself and her child auxiliary] has been withheld totaling $34,609.75, with $23,076.00 withheld from Ms. Rosser's past due benefits and $11,533.75 withheld from Ms. Rosser's child auxiliary's past due benefits." [ECF No. 28-1 ¶ 3]. Accordingly, this Court will reduce Mr. Murahari's requested amount of attorney's fees from $46,143.50 to $34,609.75.

In his previous motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), Mr. Murahari submitted an itemized report documenting the 23.50 hours he expended before this Court in Ms. Rosser's case. [ECF No. 23-7]. If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1,472.76 per hour. Mr. Murahari must therefore show that an effective rate of $1,472.76 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Murahari's requested fee is nearly five times the top hourly rate that is presumptively reasonable for attorneys of his experience level, pursuant to the fee guidelines appended to the Local Rules of this Court.[2] Although it is customary in Social Security cases for courts to approve significantly higher rates, Mr. Murahari's requested rate far exceeds the typical rate awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.70); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Colvin*, Civil No. SAG-12-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). While this Court notes Mr. Murahari's effective performance and the substantial past-due benefit award to his client, Mr. Murahari's request for $34,609.75 for 23.50 hours in this case would result in a windfall. Instead, this Court finds that an award of $23,500.00, amounting to an hourly rate of $1,000.00, or a little over triple the hourly rate under the fee guidelines for an attorney of like

---

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2016). For attorneys admitted to the bar for a period of five (5) to eight (8) years, like Mr. Murahari, the presumptively reasonable hourly rate is between $165.00 and $300.00 per hour. *Id.*

experience, would adequately compensate Mr. Murahari for the time that he spent on this case in this Court.

    For the reasons set forth herein, this Court GRANTS in part and DENIES in part Mr. Murahari's motion for attorney's fees, [ECF Nos. 26, 27]. This Court will award Mr. Murahari attorney's fees totaling $23,500.00. Mr. Murahari is further directed to reimburse to Ms. Rosser the $4,510.89 in fees he received pursuant to the EAJA.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                      Sincerely yours,

                        /s/

                      Stephanie A. Gallagher
                      United States Magistrate Judge